Lenore S. Robinette v. Commissioner.
Robinette v. Commissioner
Docket No. 1176.
United States Tax Court
1944 Tax Ct. Memo LEXIS 274; 3 T.C.M. (CCH) 398; T.C.M. (RIA) 44134; April 27, 1944
*274 John J. Goldberg, Esq., 111 Sutter St., San Francisco, Calif., for the petitioner. H. R. Horrow, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in income taxes for the period February 1, 1939 to December 31, 1939 in the amount of $665.92. The sole question is whether a distribution by a corporation of which the petitioner was a stockholder was a distribution of earnings and profits of the corporation or was, in part, a distribution of capital. Findings of Fact The petitioner is an individual residing in the State of California. Her income tax return for the period here involved was filed with the Collector of Internal Revenue for the District of Florida, in which state she was at that time resident. During the year 1939 the petitioner owned 833 1/3 shares of stock of the Metropolitan Properties Company (hereinafter called Metropolitan), a corporation organized under the laws of the State of California on November 21, 1924. As a stockholder of that corporation she received in the period involved distributions from the corporation amounting to $7,916.60. The petitioner returned as taxable income $2,047.63 of that *275 amount, or 25.865%. The return was based upon advice from the corporation that of the total distribution to her, $5,868.97, or 74.135%, was a distribution from capital and not from earnings, profits, or surplus. Metropolitan was, on December 24, 1936, a sole stockholder of the Cole-French Company. Immediately prior to December 31, 1928, Cole-French had issued and outstanding 2,500 shares of its capital stock of the par value of $100 per share. These shares had been issued in 1925, pursuant to a subscription agreement by the terms of which the subscribers paid to the corporation $10 per share, agreeing to pay the balance of $90 per share in such amounts and at such times as called for by resolution of the board of directors. On December 27, 1928 the corporation had earnings in excess of $225,000 and had at no time called on the stockholders for any additional payments. The board of directors on that date adopted the following resolution: "RESOLVED that the Secretary be authorized and instructed to make a journal entry as of December 31st, 1928, debiting the profit and loss account with $225,000 and crediting the capital account with said sum of $225,000 so that the credit to the *276 capital stock account shall equal the par value of 2500 shares of stock issued and "FURTHER RESOLVED that the Secretary be authorized and instructed to certify upon the face of all outstanding certificates of capital stock that the same are now fully paid up." Pursuant to the adoption of the resolution, the secretary, by a journal entry on December 31, 1928 debited the profit and loss account with $225,000 and credited the capital account with a like amount, reflecting the capital stock as fully paid. The books of the Cole-French Company reflected the transaction as follows: Assets
Before
After
Office funds
$ 25.00
$ 25.00
Bank of California, N.A.
21,008.48
21,008.48
Union Trust Co.
1,089.90
1,089.90
Union Trust Co. - Savings
1,895.72
1,895.72
Accounts receivable
47,994.50
47,994.50
Notes receivable
2,250.00
2,250.00
Furniture & Fixtures
$3,558.16
Depreciation
324.00
3,234.16
3,234.16
Stocks and Bonds
342,385.93
342,385.93
Personal account
201.84
201.84
Advances and deposits
31.27
31.27
$420,116.80
$420,116.80
Liabilities
Wm. J. Boyd
1,895.72
1,895.72
Loans payable - (Calif. Ink)
100,000.00
100,000.00
Notes payable - Bank of Calif.
50,000.00
50,000.00
Capital stock issued
25,000.00
250,000.00
Surplus
30,347.72
18,221.08
Profit and Loss (1928)
212,873.36
$420,116.80
$420,116.80
*277 The stockholders of the Cole-French Company reported no taxable income by reason of the transaction, nor was any taxable income by reason thereof included in their income by the Commissioner. The 2,500 shares of stock were thereafter carried on the books of the corporation as a capital stock liability in the sum of $250,000 and were at all times since December 31, 1928 considered by the corporation as full paid shares. On December 24, 1936, the Cole-French Company, in complete liquidation, distributed all of its assets, subject to liabilities, to Metropolitan, its sole stockholder, in exchange for all of its shares, which were then canceled and the corporation forthwith dissolved. At this time the books of Cole-French Company reflected assets and liabilities as follows: Assets
Revolving Funds
$ 25.00
Bank of California, N.A.
13,803.77
Union Trust Company
22,993.04
Anglo CaliforniaTrust Co.
672.07
Accounts receivable
297,291.48
Notes receivable
800.00
Furniture & Fixtures
$2,753.08
Depreciation
2,112.00
641.08
Stocks and Bonds
674,647.32
Advances - Rodex
4,120.65
Deposit - Insurance
31.27
$1,015.025.68
Liabilities
Suspense - Fortuna Mine
166.99
Capital Stock
1,020,000.00
Surplus
(deficit)
5,141.31
$1,015,025.68
*278 The item of capital stock in the amount of $1,020,000 included $250,000, consisting of $25,000 paid prior to December 31, 1928 on account of the purchase price of the 2,500 shares above mentioned, and the $225,000 transferred to the capital account from surplus in 1928. The distribution by the Cole-French Company to Metropolitan was in pursuance of the complete liquidation of a wholly-owned subsidiary; by virtue of the provisions of Section 112 (b) (6) of the Revenue Act of 1936 no gain or loss to Metropolitan was recognized. The fair market value of the assets, less liabilities, received by Metropolitan exceeded the adjusted basis of the stock of Cole-French in the hands of Metropolitan by not less than $200,000, but during 1939 the fair market value of those assets, still retained by Metropolitan, had declined by more than $200,000. In arriving at the deficiency herein involved the Commissioner determined that the Cole-French Company, as of December 24, 1936, had earnings, profits, and surplus amounting to $244,968.69, which sum included the amount of $225,000 transferred from surplus to capital in 1928; and, further, that this amount constituted part of the earnings and profits *279 of Metropolitan. The earnings and profits of Metropolitan were sufficient to cover the entire amount of the distribution to stockholders during the taxable period in question. Opinion ARUNDELL, Judge: Two questions are raised: (1) whether the transfer from surplus to capital of $225,000 by the Cole-French Company, thus making its shares fully paid up, served to reduce its earnings and profits available for distribution in that amount; and (2) whether the earnings and profits of Cole-French distributed to Metropolitan in liquidation became the earnings and profits of the latter company. It is conceded that if these transactions did not operate to transmute earnings into capital, Metropolitan had sufficient earnings in 1939 to render the distributions in that year taxable in their entirety. In our opinion the transfer of $225,000 from surplus to capital on the books of the Cole-French Company did not impair or diminish the earnings and profits of that corporation. Such a transaction is essentially equivalent to a stock dividend, and the stockholder realizes no gain. Michaels v. McLaughlin, 20 Fed. (2d) 959; J. F. Carlston, 22 B.T.A. 217. *280 A stock dividend which is not taxable does not operate to diminish the corporate earnings for the purpose of determining the taxability of subsequent distributions. August Horrmann, 34 B.T.A. 1178; John K. Beretta, 1 T.C. 86, affd. 141 Fed. (2d) 452. Section 115(h), Revenue Act of 1936. [1]
*281 The amount of $225,000 remained, therefore, a part of the earnings and profits of the Cole-French Company to the time of liquidation. The question thus becomes whether, upon liquidation, the earnings and profits of the liquidated subsidiary become the earnings and profits of the parent corporation, or are taken into capital, as the petitioner contends. A long and uniform line of decisions stemming from Commissioner v. Sansome, 60 Fed. (2d) 931, certiorari denied 287 U.S. 667, has removed all doubt from this question. In the Sansome case it was held that accumulated earnings and profits of an original or subsidiary company transferred to a successor or parent in a tax-free reorganization, remain for purposes of distribution earnings or profits of the successor or parent. This principle has been applied in a variety of circumstances in United States v. Kauffmann, 62 Fed. (2d) 1045; Helen V. Crocker, 29 B.T.A. 773; Murchison's Estate v. Commissioner, 76 Fed. (2d) 641; Reed Drug Company v. Commissioner, 130 Fed. (2d) 288; *282 Harter v. Helvering, 79 Fed. (2d) 12. Equally within the principle enunciated in the above decisions is a transfer in complete liquidation, where no gain or loss is recognized. Estate of Howard H. McClintic, 47 B.T.A. 188. No gain or loss was recognized in the transfer to Metropolitan in complete liquidation of the Cole-French Company by reason of the provisions of section 112(b)(6) of the Revenue Act of 1936. The earnings and profits of Cole-French, therefore, remained the earnings and profits of Metropolitan, adequate, in 1939, to cover the distributions here in question. Nor does Helvering v. Credit Alliance Corp., 316 U.S. 107, affirming 122 Fed. (2d) 361, point to a different conclusion. In that case it was held that a dividends paid credit under section 27(f) of the Revenue Act of 1936 was not to be denied by reason of the fact that the distribution did not constitute a taxable dividend in the hands of the distributee. There is no suggestion that the rule announced in the Sansome case, supra, would not apply and that the distribution in the *283 hands of the transferee would not continue to retain its character as undivided profits. Indeed, the Circuit Court of Appeals rather pointedly so states. It follows that the deficiency as determined by the Commissioner must stand. Decision will be entered for the respondent. Footnotes
1. Sec. 115. Distributions by Corporations. * * * * *
(h) Effect On Earnings And Profits Of Distributions Of Stock. - The distribution (whether before January 1, 1936, or on or after such date) to a distributee by or on behalf of a corporation of its stock or securities or stock or securities in another corporation shall not be considered a distribution of earnings or profits of any corporation - (1) if no gain to such distributee from the receipt of such stock or securities was recognized by law, or (2) if the distribution was not subject to tax in the hands of such distributee because it did not constitute income to him within the meaning of the Sixteenth Amendment to the Constitution↩ or because exempt to him under section 115 (f) of the Revenue Act of 1934, or a corresponding provision of a prior Revenue Act.